White *v.* Lighthall.

## White *vs.* Lighthall *et al.*

The appellate jurisdiction of this court does not extend over judgments of inferior tribunals, from whose decisions no appellate jurisdiction has been conferred on this court by the legislature; and where a *certiorari* had been issued to a county court, and a return was made, the proceedings were dismissed for want of jurisdiction.

The principle of the case of *The People ex rel. Mulford* v. *Turner*, (*ante, p.* 143,) so far as relates to the appellate jurisdiction of this court, approved.

*Calhoun Benham*, for the application.

*Horace Hawes*, contra.

*By the Court*, Bennett, J. This was a proceeding for forcible entry and detainer commenced before a justice of the peace. From the judgment of the justice an appeal was taken to the county court, and judgment was there rendered. An application was then made to this court for a *certiorari* to the county court, to remove the proceedings for review into this court. I entertained no doubts at the time the *certiorari* was issued, that we had no jurisdiction; but my associates having some, it was allowed to go. The question now comes up on the return to

the *certiorari*, and has been argued before us ; and we are satisfied that we have no jurisdiction over the matter.

The supreme court is strictly an appellate court, having no original jurisdiction. Its appellate jurisdiction extends only to those cases in which the legislature authorizes it to entertain appeals. The legislature has conferred upon us no power to review judgments of the county court, on appeal, or in any other way. It is true that we may issue writs of *certiorari*, but only to courts from whose judgments an appeal may be taken. The county court is not one of these. The legislature has not provided any practice, by which a judgment of the county court may be reviewed by us. The constitution is sufficiently broad to authorize the legislature to make provisions for such a case, but they have not prescribed the *quo modo* in which an appeal may be taken, and we have no power to enact laws. The application should have been made to the district court.

The extent of the jurisdiction of this court was fully considered in *The People ex rel. Mulford* v. *Turner*, (*ante, p.* 143.) We think the principle by which the extent of our jurisdiction is to be determined, is correctly laid down in that case.

These proceedings must be dismissed for want of jurisdiction.

Ordered accordingly.